# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDRE L. TINNON,**

    **Petitioner,**

    v.                                       **Case No. 24-CV-1680-SCD**

**LARRY FUCHS,**
  *Warden, Columbia Correctional Institution,*

    **Respondent.**

## REPORT AND RECOMMENDATION

In 2010, Andre Tinnon pleaded guilty in Wisconsin state court to first-degree intentional homicide and possession of a firearm by a felon. *See* ECF No. 1 at 2. He was sentenced to life in prison with eligibility for extended supervision after serving thirty-eight years. In 2019, Tinnon challenged his state convictions in federal court via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Tinnon v. Boughton*, No. 19-cv-0340-bhl, 2021 WL 2788938, 2021 U.S. Dist. LEXIS 112628 (E.D. Wis. June 16, 2021). He alleged that newly discovered evidence proved his innocence. United States District Judge Brett H. Ludwig dismissed the petition, finding that Tinnon had failed to exhaust his state-court remedies and had not demonstrated a sufficient excuse for that default. *See id.* at *3–5.

In April 2023, Tinnon again tried to seek federal habeas relief concerning his 2010 Wisconsin convictions. *See Tinnon v. Fuchs*, No. 23-cv-493-pp, 2024 WL 5238630, 2024 U.S. Dist. LEXIS 232786, at *1 (E.D. Wis. Dec. 26, 2024). United States District Judge Pamela Pepper dismissed that petition because Tinnon failed to comply with court orders and because the petition was an unauthorized second or successive habeas petition. *See id.* at *1–2. Judge

Pepper later denied Tinnon's motion to reopen that case, finding that he needed to seek permission from the court of appeals before challenging his state convictions in federal district court. *See id.* at \*7–10.

Just four days after Judge Pepper denied the motion to reopen, Tinnon filed another federal habeas petition challenging his 2010 Wisconsin convictions. *See* ECF No. 1. As explained previously, "Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). The 2019 habeas petition—which Judge Ludwig dismissed on exhaustion grounds—counts as a prior petition. *See id.* ("[P]etitions . . . that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment."). And Tinnon has not presented anything to suggest that the court of appeals has authorized him to file a second or success habeas petition.

Accordingly, I **RECOMMEND** that the petition, ECF No. 1, be **DISMISSED**; that the petitioner's requests to proceed without prepayment of fees and/or costs, ECF Nos. 4 & 5, be **DENIED as moot**; that this action be **DISMISSED**; and that a certificate of appealability be **DENIED**. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority"). The clerk of court shall randomly assign this case to a district judge for consideration of this recommendation.

The court directs the petitioner's attention to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this

Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

**SO ORDERED** this 28th day of January, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge